IKUTA, Circuit Judge,
dissenting:
Aleks Dushi made crucial misrepresentations in his airport interview. In a sworn statement at the airport, he claimed that he had never been arrested. But at his hearing he claimed that he had been arrested three times by the Albanian police. At the airport, he stated he was living in Greece from 1997 to 2000 working at a bakery. But at his hearing he claimed that he left Greece in January 1998, and was in Albania in 1998 and 1999, where he was arrested, and later involved in a shooting. There were additional problems with Dushi’s testimony. Among other things, he claimed that in June 2001 he had been arrested by the chief of police, beaten, kicked, and cut with a knife on his right wrist, resulting in a one-inch wound which *243 bled heavily and required stitches. But no mention of this allegedly serious wound, the worst of his claimed injuries, appeared in the medical records that he submitted. Relying on this and other discrepancies, the BIA and IJ held that Dushi was not credible.
Our responsibility in reviewing the agency’s adverse credibility decision is a limited one. We are to determine whether the decision is supported by substantial evidence and we must uphold the agency’s decision unless no reasonable fact finder could reach this conclusion. INS v. Elias-Zacarias, 502 U.S. 478, 483-84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). In light of the discrepancies in Dushi’s testimony, the agency’s adverse credibility determination is well supported here.
In order to claim that it is compelled to overturn the agency’s reasonable determination, the majority must conclude that nothing said by an asylum-seeking alien at an airport interview counts for purposes of making an adverse credibility determination. But of course, our cases do not go that far. While we have held that an airport interview is not a reliable basis for an adverse credibility determination where the interview is impeded by language difficulties, see Li v. Ashcroft, 378 F.3d 959, 962-63 (9th Cir.2004); Singh v. INS, 292 F.3d 1017, 1023 (9th Cir.2002), no language difficulties were present here, as an Albanian interpreter participated in Dushi’s airport interview via telephone. Moreover, in a statement signed under penalty of perjury, Dushi affirmatively indicated that he understood the questions, that his answers were voluntary, and that he was telling the truth.
We have also held that under certain limited circumstances, an alien’s omission of personal or deeply painful experiences in an airport interview cannot form the basis of an adverse credibility determination. Thus in Paramasamy v. Ashcroft, we held that a young Tamil woman’s failure to tell the airport interviewer about her sexual assault by government agents was not evidence supporting an adverse credibility determination, where the asylum officer had not questioned her on that issue, and she had a natural and reasonable reluctance to discuss it with male interviewers. 295 F.3d 1047, 1053 (9th Cir.2002). But here Dushi did not merely omit information; he affirmatively misrepresented it.
Although Dushi tried to explain away his misstatements by asserting that he feared to give honest answers at the airport in the event that he was repatriated to Albania, where Albanian officials would abuse him, an alien’s dishonest statements are substantial evidence that the alien is not credible, regardless of the alien’s motivations. We have no authority to formulate a rule that false statements to an airport interviewer cannot form the basis for an adverse credibility determination, which would be akin to telling the Executive Branch that airport interviews of asylum seekers have little or no utility. Given the evidence in the record, including Dushi’s airport interview, nothing here permits us, let alone compels us, to overturn the agency’s determination that Dushi is not credible.
The majority also claims that it is compelled to overturn the agency’s adverse credibility determination because the IJ failed to consider and address Dushi’s explanation for his dishonest answers and discrepancies in the record. See Soto-Olarte v. Holder, 555 F.3d 1089, 1095 (9th Cir.2009). But the record does not support this claim. At the hearing before the IJ, the government attorney questioned Dushi at length about the misstatements at the airport interview, and provided him with an opportunity to give explanations. The IJ and the BIA considered Dushi’s explanations and rejected them, noting *244 that it was unreasonable for an alien seeking political asylum to misrepresent his prior arrests and mistreatment by officials in his home country, and that fear did not explain his misrepresentations about the length of his stay in Greece. Nothing in the record compels us to overturn this conclusion. Similarly, the IJ and BIA rejected Dushi’s explanation for the discrepancy between Dushi’s claim that he suffered a serious knife wound and the failure of his treating physician to mention it. Again, there is no basis for overturning the agency’s conclusion on this point. Unlike the alien in Singh v. Ashcroft, 301 F.3d 1109, 1112 (9th Cir.2002), on which the majority mistakenly relies, Dushi did not offer hospital records or other reliable evidence to corroborate his most serious physical injury. In sum, Dushi failed to carry his burden of explaining the numerous inconsistencies or producing corroborative evidence to authenticate his version of events. Sidhu v. INS, 220 F.3d 1085, 1090 & n. 2 (9th Cir.2000).
The majority tries to elide the evidence of Dushi’s lack of credibility by making excuses for him and pointing to allegedly extenuating circumstances. Maj. Op. 240-42. While the majority could take this approach if it were deciding Dushi’s asylum request in the first instance, it does not have the authority to do so when reviewing an agency determination for substantial evidence. A fair view of the record shows that the BIA’s adverse credibility determination was amply supported by the record. Accordingly, I respectfully dissent.